IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOVAJO J. WRIGHT**, | : | CIVIL ACTION NO. 1:07-CV-1536 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL J. ASTRUE**, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 25th day of June 2008, upon consideration of the report of the magistrate judge (Doc. 14), to which objections were filed (see Doc. 15), recommending that plaintiff's social security appeal be denied, and, following an independent review of the record, it appearing that substantial evidence[1] supports the administrative law judge's ("ALJ") evaluation of the opinions of Dr. Esther VanDyke and Dr. Michael Lavin, and that the ALJ was not required to pose hypothetical questions of the vocational expert about impairments alleged by plaintiff that were not supported by the record,[2] and the court finding that

---

[1] When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

[2] "[H]ypothetical question[s] posed to a vocation expert 'must reflect *all* of a claimant's impairments" that are supported by the record. Ramirez v. Barnhart, 372 F.3d 546, 553-55 (3d Cir. 2004) (quoting Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)). However, an ALJ is "not require[d] . . . to submit to the vocational expert every impairment *alleged* by a claimant" if the impairment lacks record support. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (stating that the vocation expert need evaluate impairments that are "medically established").

substantial evidence supports the ALJ's conclusion that plaintiff's testimony was not entirely credible regarding her usual daily activities, see Blue Ridge Erectors v. Occupational Safety & Health Review Comm'n, 261 F. App'x 408, 410 (3d Cir. 2008) (quoting St. George Warehouse, Inc. v. NLRB, 420 F.3d 294, 298 (3d Cir. 2005)) ("[T]he ALJ's credibility determinations should not be reversed unless inherently incredible or patently unreasonable"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 14) is ADOPTED.

2. Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge